**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **SHAMSIDEEN GORIOLA SOKOYA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **07 C 137** |
| | ) | |
| **ARCHANGELO SCHRAGEL,** | ) | **Judge Ronald A. Guzmán** |
| **THE UNITED STATES OF AMERICA,** | ) | |
| **and JOHN DOE DEPUTY MARSHALS** | ) | |
| **2, 3 AND 4,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND ORDER

Shamsideen Sokoya, a detainee, has sued Archangelo Schragel for excessive force pursuant to *Bivens v. Six Unknown Agents*, 403 U.S. 388 (1971). Schragel has moved for summary judgment pursuant to Federal Rule of Civil Procedure 56(e). For reasons provided in this Memorandum Opinion and Order, the Court grants the motion.

## Facts

The following facts are undisputed. On November 8, 2005, Sokoya was transported from the jail in Ozaukee County, Wisconsin to the federal courthouse in Chicago, Illinois. (Pl.'s LR 56.1(b)(3)(B) ¶ 17.) During the trip to the courthouse, Sokoya fell from his seat to the floor of the van after a sharp turn and became dizzy. (*Id.* ¶¶ 25, 27.)

After the van arrived at the basement of the courthouse, Sokoya was still lying on the floor of the van. (*Id.* ¶ 39.) Deputy marshals lifted Sokoya from the van and took him to the elevator, which, according to Sokoya, was not even a long distance: two pulled on his leg shackles, two pulled him by his hands and two raised his midsection. (Pl.'s LR 56.1(b)(3)(C) ¶

10; Pl.'s Ex. E, Sokoya Dep. at 38-39.)  Deputy Marshal Schragel was on Sokoya's left side,

with one hand supporting Sokoya's left shoulder and one hand pulling on Sokoya's left wrist

shackle.  (Pl.'s LR 56.1(b)(3)(B) ¶ 40.)  According to Sokoya, Deputy Marshal Schragel

stretched Sokoya's left hand until Sokoya felt like his bone was pulling from the socket.  (Pl.'s

Ex. E. Sokoya Dep at 39.)

The elevator had other inmates on it.  (*Id.* ¶ 41.)  The six deputy marshals dropped

Sokoya approximately two feet onto the floor of the elevator.  (*Id.*; Pl.'s Ex. E, Sokoya Dep. at

39.)  Sokoya remained flat on his back during the entire elevator ride.  (Pl.'s LR 56.1(b)(3)(B) ¶

42.)  Sokoya said nothing to anyone on the elevator, and no one said anything to him.  (*Id.*)

When the elevator reached its designated floor, the same six deputy marshals carried him

off of the elevator in the same manner that they had carried him to the elevator.  (*Id.* ¶ 43.)

Sokoya claims that he said, "Please don't kill me.  Please.  Please.  I'm in pain.  My hand.  My

shoulder."  (*Id.* ¶ 44.)  According to Sokoya, Schragel twice responded, "I will kill you if I have

the opportunity."  (*Id.*)

Sokoya claims he did not seek medical attention while at the federal courthouse because

there was no one in the building from whom he could have sought medical attention.  (*Id.* ¶ 50.)

Later that night, after he returned to the Ozaukee jail, Sokoya complained of a headache and

body pain and was given an over-the-counter pain medication.  (*Id.* ¶ 49.)  According to Sokoya,

although he complained at the Ozaukee jail "nothing was done until they move me back to MCC

Chicago on January 16th, 2007.  And that was when I was having pains all over my body again

because the transport officer of Kankakee County had pushed me on the floor."  (*Id.* ¶ 51; Pl.'s

Ex. E, Sokoya Dep. at 60.)

On February 20, 2007, Sokoya sued a single defendant, the U.S. Marshals Service, based on the November 8, 2005 incident, alleging he was injured when one or more unidentified deputy marshals pulled and dragged him from a van.

On March 14, 2007, the Court terminated the U.S. Marshals Service as a defendant and added Chris Shaw and Marshal Block as defendants for the sole purpose of enabling Sokoya to identify the deputy marshals who allegedly mistreated him.  (Minute Order of 3/14/07.)  On April 18, 2008, Sokoya filed an amended complaint that substituted Shaw and Block with defendant Schragel.  (First. Am. Compl.)

## The Legal Standard

A district court will grant a summary judgment motion "only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."  *Srail v. Vill. of Lisle*, 588 F.3d 940, 943 (7th Cir. 2009).  The court "construe[s] all facts and draw all inferences in the light most favorable to the non-moving party."  *Id.*  "The existence of merely a scintilla of evidence in support of the non-moving party's position is insufficient; there must be evidence on which the jury could reasonably find for the non-moving party."  *Delta Consulting Group, Inc. v. R. Randle Constr., Inc.*, 554 F.3d 1133, 1137 (7th Cir. 2009).

Defendant argues that Sokoya's *Bivens* claim is time-barred.  *Bivens* actions are governed by the statute of limitations for personal injury actions of the state in which the alleged injury occurred.  *Delgado-Brunet v. Clark*, 93 F.3d 339, 342 (7th Cir. 1996).  The statute of limitations for personal injury claims in Illinois is two years.  *Shropshear v. Corp. Counsel of the City of Chi.*, 275 F.3d 593, 594 (7th Cir. 2001).

3

The incident of which Sokoya complains occurred on November 8, 2005.  (*See* Pl.'s LR56.1(b)(3)(C) Stmt. ¶¶ 1, 10.)  Sokoya sued the U.S. Marshals Office on February 20, 2007, the date on which the Court entered its order granting his application to proceed in forma pauperis.  (Minute Order of 2/20/07.)  On March 14, 2007, the Court terminated "U.S. Marshals" as a defendant and added supervisors Shaw and Block as defendants for the sole purpose of enabling Sokoya to identify the Deputy Marshals who allegedly mistreated him.  (Minute Order of 3/14/07.)  The statute of limitations expired on November 8, 2007.  Approximately five months later, on April 18, 2008, Sokoya filed an amended complaint that terminated Shaw and Block as defendants and first identified Schragel as a defendant.  (First. Am. Compl.)

Sokoya's claims are barred as untimely unless he can show that either:  (1) his claims against Schragel relate back to the filing of the original complaint or (2) the statute of limitations is equitably tolled.  (*See* Pl.'s Resp. Br. at 11-14.)  The Court addresses each in turn.

**Relation Back**

Rule 15 "does not permit relation back where . . . there is a lack of knowledge of the proper party."  *Baskin v. City of Des Plaines*, 138 F.3d 701, 704 (7th Cir. 1998) (emphasizing that Rule 15 "contains a separate 'mistake' requirement") (quotation omitted); *see Jackson v. Kotter*, 541 F.3d 688, 696 (7th Cir. 2008) ("[P]laintiffs cannot, after the statute of limitations period, name as defendants individuals that were unidentified at the time of the original pleading. Not knowing a defendant's name is not a mistake under Rule 15."); *see also* 735 Ill. Comp. Stat. 5/2-616(d) (providing in pertinent part that relation back requires inadvertent failure to join the

4

person as a defendant).  "[I]n the absence of a mistake in the identification of the proper party, it

is irrelevant for purposes of Rule 15 . . . whether or not the purported substitute party knew or

should have known that the action would have been brought against him."  *Wood v. Worachek*,

618 F.2d 1225, 1230 (7th Cir. 1980).

In this case, Sokoya has failed to create a material issue of fact for trial as to whether he

made a mistake regarding Schragel's identity when he filed his original complaint.  He concedes

that he did not know the identities of the Deputy Marshals involved in the November 8, 2005

incident.  (*Compare* Def.'s LR 56.1(a)(3) ¶ 3, with Pl.'s LR 56.1(b)(3)(B) ¶ 3 (agreeing that

unidentified deputy marshals participated in the November 8, 2005 incident.)  Thus, when

Sokoya amended his complaint to name Schragel after the statute of limitations had expired, the

amendment did not relate back to the filing of his original complaint.


**Equitable Tolling**

"The Supreme Court of Illinois . . . defines equitable tolling as a rule that . . . works to

suspend the limitations period when 'the defendant has actively misled the plaintiff, or if the

plaintiff has been prevented from asserting his or her rights in some extraordinary way.'"

*Hollander v. Brown*, 457 F.3d 688, 694 n.3 (7th Cir. 2006) (quoting *Clay v. Kuhl*, 727 N.E.2d

217, 221 (Ill. 2000)).  "Equitable tolling permits a plaintiff to avoid the bar of the statute of

limitations if despite the exercise of all due diligence he is unable to obtain vital information

bearing on the existence of his claim."  *Shropshear*, 275 F.3d at 595.  Because equitable tolling

concerns the defendant's prevention of plaintiff's assertion of rights, the conduct at issue must

precede the expiration of the statute of limitations.  *See Ciers v. O.L. Schmidt Barge Lines, Inc.*,

675 N.E.2d 210, 214 (Ill. App. Ct. 1996); *Sanders v. Chi. Transit Auth.*, 581 N.E.2d 211, 214

(Ill. App. Ct. 1991) (stating that it is well-established in Illinois that plaintiff cannot rely on

conduct after the expiration of the limitations period).  "Equitable tolling principles should be

applied with caution."  *Castillo v. Zuniga*, No. 01 C 616, 2002 WL 398519, at *11 (N.D. Ill.

Mar.14, 2002) (citing *Ciers*, 285 675 N.E.2d at 214).

　　　Sokoya presents no evidence that Schragel actively misled him prior to the expiration of

the statute of limitations in order to prevent him from asserting his rights.  Sokoya points to

Schragel's negative answer to an interrogatory that asked:  "Did you meet the bus from Ozaukee

County, Wisconsin, on November 8, 2005?"  (Pl.'s Ex. K, Interrogatory Responses, at 8.)

However, Schragel answered the interrogatory after the statute of limitations had already

expired, and there is no evidence that he purposely delayed his response in an effort to thwart

plaintiff's lawsuit.  (*Id.* (showing that Schragel responded on November 15, 2007 and that the

date range for the deputy marshals' responses was November 15-20, 2007).  Therefore, the Court

holds that Schragel's interrogatory response does not provide a basis for equitable tolling.

　　　Further, Sokoya has not established a genuine issue as to a material fact regarding

whether he was prevented from asserting his rights in some extraordinary way.  *Cf. Allen v. City

of Chi.*, No. 08 C 6127, 2009 WL 4506317, at * (N.D. Ill. Nov. 30, 2009) ("Plaintiff has not

alleged that he exercised reasonable diligence to properly identify the individual officers while

he was in prison and that he was thwarted all along the way.").  This is not a case in which the

district court did not assist a pro se prisoner in making the necessary investigation or took lightly

its duty to make sure that his claims were given fair consideration.  On March 13, 2007, the

Court instructed Sokoya to amend his complaint to name the deputy marshals' supervisors as

defendants in order to aid him in investigating the identities of the deputy marshals.  In so ruling, the Court stated that plaintiff may send defense counsel questions to elicit information regarding the identity of the defendants and warned plaintiff of the two-year statute of limitations.  More than three months later, he filed his interrogatories in the form of a motion.  Four months later, on October 12, 2007, the Clerk of the Court received and docketed a letter from Sokoya to this Court seeking aid in determining the defendants' identities because he felt that the responses he had received from Shaw and Block were not forthcoming.  On that date, the Court ordered defendants to respond to Sokoya's October 12, 2007 letter on or before October 23, 2007.  At an October 26, 2007 status hearing, the Court found that defendants' responses were honest, forthcoming and complete.   (Def.'s Ex. 7, Tr. of 10/26/07 at 7.)  However, to aid Sokoya, the Court requested that the Assistant U.S. Attorney ask the deputy marshals on duty on November 8, 2005 to answer an interrogatory:  "Did you meet the bus from Ozaukee County, Wisconsin, on November 8, 2005?"  (*Id.* at 9-10.)  On November 15-20, 2007, the deputy marshals responded, and on November 26, the Assistant U.S. Attorney provided those responses to Sokoya.  (Def.'s Ex. K, Interrogatory Responses.)  At the status hearing on November 27, 2007, the Court appointed counsel to handle the statute of limitations issue.  (Def.'s Ex. 8, Tr. of 11/27/07 at 4-5.)  On January 18, 2008, Sokoya's appointed counsel requested photographs of the deputy marshals, and on January 25, 2008, Sokoya's appointed counsel moved to compel the production of those photographs, a motion that was stricken as moot on March 4, 2008 due to defendants' production of the photographs. (*See* Pl.'s LR 56.1(b)(3)(B) ¶ 13.)  On April 18, 2008, Sokoya amended his complaint to name Schragel as a defendant.  (First Am. Compl.)

Given the particular facts of this case, the Court holds that equitable tolling of the statute of limitations would be inappropriate.   In its first minute order on February 20, 2007, the Court made Sokoya aware of the two-year statute of limitations and instructed him to ask the supervisors questions that would enable him to identify the deputy marshals.  Several months passed before he posed any questions.  At least seven months elapsed between the filing of his amended complaint naming the deputy marshals' supervisors as defendants and the filing of his letter requesting the Court's help.  In those seven months, he posed a set of seventeen questions and received answers that were honest and forthcoming.  He did not ask any other questions to enable his identification of the proper defendants.  This simply is not a case in which the plaintiff was prevented from asserting his rights by extraordinary circumstances outside of his control.

In sum, the Court holds that neither relation back nor equitable tolling save Sokoya's time-barred claim.  Accordingly, the Court grants defendant's motion for summary judgment and terminates this case.

<u>Conclusion</u>

For the reasons provided in this Memorandum Opinion and Order, the Court grants defendant's motion for summary judgment [doc. no. 86].  This case is hereby terminated.

**SO ORDERED**                                    **ENTERED:**

**May 27, 2010**

_____

**HON. RONALD A. GUZMAN**

**U.S. District Judge**

8